CRAWLEY, Judge,
concurring in part and dissenting in part.
I concur in Presiding Judge Robertson’s affirmance of the summary judgment on the common law liability of the defendants based upon knowledge of their dog’s vicious propensities; however, I must respectfully dissent from the reversal of the summary judgment on the claim that an Akita is an inherently dangerous breed of dog. I would affirm that portion of the summary judgment as well, based upon the rule stated in Gentle v. Pine Valley Apartments, 631 So.2d 928 (Ala.1994).
As the trial court noted in its order, it considered Gentle. In that case, the Alabama Supreme Court addressed the Hum-phries rule for the first time. Although Gentle is factually dissimilar from this case because the plaintiff in Gentle sued the owner of the apartment complex and the management company that operated that complex for failing to maintain a safe common area, the trial court appropriately followed the guidance provided in that case. Gentle provides a basis for the summary judgment because our supreme court placed the burden of establishing evidence that a dog is of an inherently dangerous breed on the plaintiff even though the court was reviewing a summary judgment. The court stated:
“Assuming, arguendo, that the Hum-phries rule somehow applies to defendants such as those involved in this appeal — the owner of the apartment complex and the management company — we note that Ms. Gentle produced no evidence that would bring her case within the rule. Indeed, some uncertainty remains in the wake of Humphries as to the quantity and quality of proof necessary to invoke its rule. ...
“... In this case, however, nothing in the record indicates that a chow-spitz crossbreed is inherently dangerous. See Lundy v. California Realty, 170 Cal.App.3d 813, 216 Cal.Rptr. 575 (1985) (refusing to notice judicially that German sheperds are inherently dangerous). Consequently, Gentle failed to present substantial evidence (Ala.Code 1975, § 12-21-12) ....”
Gentle, 631 So.2d at 932 (emphasis added).
The trial court appropriately entered the summary judgment for the defendants because the plaintiffs presented no evidence that the Akita is an inherently dangerous breed. Without such evidence, the plaintiffs, under the rationale expressed in Gentle, the plaintiff failed to bring their case within the rule established in Humphries. Therefore, I would affirm the judgment of the trial court.
THOMPSON, J., concurs.